## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## BECKLEY DIVISION

| | | |
|---|---|---|
| **RODNEY PLUMLEY,** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:09-0677** |
| | ) | **(Criminal No. 5:05-0224)** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Movant, acting *pro se* and incarcerated at FCI Hazelton, filed a "Motion to Amend Petition and for Immediate Release," which was construed by the District Court as a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody on June 16, 2009.[1] (Document Nos. 309 and 359.) By Standing Order, Movant's Motion was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 361.)

### FACTUAL AND PROCEDURAL BACKGROUND

On February 28, 2006, Movant pled guilty to Count One of the Indictment in Criminal Action No. 5:05-0224 charging him with conspiracy to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 846. (Criminal Action No. 5:05-0224, Document Nos. 152 - 154.) Movant was sentenced on June 29, 2006. (Id., Document Nos. 226 and 231.) The District Court ordered that Movant serve a 193-month term of incarceration to be followed by a five-year term of supervised release. (Id., Document No. 231.) The District Court also imposed a $2,000 fine and a

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

$100 special assessment. (Id.)

On July 10, 2006, Movant, by counsel, filed a Notice of Appeal. (Id., Document No. 235.) In his appeal, Movant argued that (1) the District Court erred in determining the drug quantity for which he was accountable; and (2) the District Court erred in finding that he had more than a minor or minimal role in the conspiracy. The Fourth Circuit Court of Appeals affirmed Movant's sentence on February 28, 2007. United States v. Plumley, 219 Fed.Appx. 334 (4th Cir. 2007).

On February 26, 2008, Movant filed a Motion for Retroactive Application of Sentencing Guidelines regarding his Crack Cocaine Offense.[2] (Id., Document No. 278.) Movant asserted that "Amendment 706 applies to his case retroactively in that his sentence should be lowered because of ceratin Base Offense Level calculations that were made in error according to the Amendment." (Id., p. 5.) Specifically, Movant argued that "his Base Offense Level, which was originally calculated to be 31 points, in fact, according to Amendment 706, should have only been 29 points, thereby placing Movant in a lower sentencing range." (Id.)

On September 22, 2008, Movant filed a "Motion to Amend Petition and for Immediate Release." (Id., Document No. 309.) Movant states that he filed a motion "for two point reduction of the offense level pursuant to the amendment of the Sentencing Guidelines effective March 1, 2008, for cocaine base offense." (Id.) Movant explains that no response has been filed "making eligible this amendment." (Id.) Movant argues that the United States relinquished jurisdiction over him in 2006 and has no further authority to hold Movant in custody." (Id.) Movant contends that the

---

[2] On November 1, 2007, the United States Sentencing Guidelines were amended to reduce by two levels the guidelines in Section 2D1.1 for cocaine base (also known as crack). Subsequently, the Commission amended Section 1B1.10 to make the crack amendment retroactive, effective March 3, 2008. This retroactivity produces the opportunity for offenders to file motions under 18 U.S.C. § 3582(c)(2) seeking sentence reductions.

United States violated the anti-shuffling provision of the Interstate Agreement on Detainers.[3] (Id., p. 2.)

By Memorandum Opinion and Judgment Order entered on January 8, 2009, the District Court granted Movant's request for a sentence reduction under 18 U.S.C. § 3582(c)(2). (Id., Document No. 341.) The District Court reduced Movant's sentence to "a period of 151 months, with credit for time served to date." (Id., p. 2.) By Order entered on June 16, 2009, the District Court construed Movant's "Motion to Amend Petition and for Immediate Release" (Id., Document No. 309.) as a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, thereby initiating the above action. (Id., Document No. 359.)

On November 7, 2011, Movant filed a "Motion Under 18 U.S.C. § 3582(c)(2) for Reduction in Term of Imprisonment" arguing that his sentence should be reduced based upon the Fair Sentencing Act of 2010. (Id., Document No. 394.) By Memorandum Opinion and Judgment Order entered on February 21, 2012, the District Court granted Movant's request for a sentence reduction under 18 U.S.C. § 3582(c)(2). (Id., Document No. 401.) The District Court reduced Movant's sentence to "a period of 130 months, with credit for time served to date." (Id., p. 2.)

## ANALYSIS

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA], which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255. The one-year period runs from the latest of one of four specified events:

---

[3] In the Fourth Circuit, violations of the "anti-shuttling" provisions of IADA are not remediable on *habeas* review. *See Bush v. Muncy*, 659 F.2d 402, 409 (4th Cir. 1981).

     (1)      the date on which the judgment of conviction becomes final;

     (2)      the date on which the impediment to making the motion created by government action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such government action;

     (3)      the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

     (4)      the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of reasonable diligence.

28 U.S.C. § 2255.

The Fourth Circuit affirmed Movant's sentence on February 28, 2007, and his sentence became final 90 days later when he did not file a petition for writ of certiorari (May 29, 2007).[4] On September 22, 2008,[5] nearly four months after the one year period expired, Movant filed the instant Motion raising issues challenging his conviction and sentence in Criminal No. 5:05-0224. Movant's

---

[4] Although Movant's sentence was reduced pursuant to 18 U.S.C. § 3582(c) on January 8, 2009, and February 21, 2012, the undersigned finds that Movant's conviction and sentence became final on May 29, 2007. Title 18 U.S.C. § 3582(b) provides that notwithstanding the fact that a sentence can be modified pursuant to subsection (c), corrected pursuant to Rule 35, or modified pursuant to section 3742, "a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes." 18 U.S.C. § 3582(b); *also see United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001)(stating that "Congress did not intend for Fed. R. Crim. Pro. 35(b) motions to prevent convictions from becoming final for § 2255 purposes"); *Potter v. United States*, 2007 WL 749674 (E.D.Va. Mar. 5, 2007)(rejecting "petitioner's argument that his conviction did not become final until disposition of the government's Rule 35(b) motion for a reduction petitioner's sentence").

[5] The Court notes that Movant filed his "Motion to Amend Petition and for Immediate Release" on September 22, 2008. (Document No. 309.) By Order entered on June 16, 2009, the District Court construed Movant's "Motion to Amend Petition and for Immediate Release" (Document No. 309.) as a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, thereby initiating the above action. (Document No. 359.) Construing Movant's Motion liberally, the Court finds that Movant's Section 2255 Motion was filed on September 22, 2008.

Motion is therefore clearly untimely.

The one-year period of limitation is procedural, not jurisdictional, and therefore may be equitably tolled. United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000)("§ 2255's limitation period is subject to equitable modifications such as tolling."). The Fourth Circuit, however, has held that equitable tolling "must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); see also Harris v. Hutchinson, 209 F.3d 325, 329 - 30 (4th Cir. 2000)(equitable tolling should apply only where the petitioner is prevented from asserting his claim by wrongful conduct of the respondent or where extraordinary circumstances beyond the petitioner's control make it impossible to file the claim on time). Specially, the Fourth Circuit stated as follows in Harris, *supra*, at 330:

> 'As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules.' Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999). The doctrine has been applied in 'two generally distinct situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time.' Alvarez-Machain v. United States, 107 F.3d 696, 700 (9th Cir. 1996) (citation omitted). But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Ignorance of the law is not a valid basis for equitable tolling. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 200)(stating that ignorance of the law, including the existence of AEDPA, is insufficient to warrant equitable tolling); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)(equitable tolling not

justified by the fact that the prisoner did not know about AEDPA time limitation). Thus, federal courts invoke the doctrine of equitable tolling "only sparingly" and will not toll a statute of limitations because of "what is at best a garden variety claim of excusable neglect" on the part of the defendant." Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990). To receive the benefit of equitable tolling, a Section 2255 movant must demonstrate that circumstances beyond his control or government misconduct contributed to his inability to file his Section 2255 motion on time. Based upon a thorough review of the record, the undersigned finds no circumstances justifying equitable tolling in this matter. Movant is, therefore, hereby notified in accordance with the Fourth Circuit's decision in Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002), that the undersigned recommends that his Section 2255 action be dismissed as untimely unless Movant can demonstrate that the Motion was filed within the proper time period or circumstances exist which would permit equitable tolling of the limitation period.

## PROPOSAL AND RECOMMENDATION

Accordingly, the undersigned respectfully proposes that the Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Movant's Motion Under Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Document No. 309) and **REMOVE** this matter as consolidated from the Court's docket unless Movant can demonstrate within the period of time allotted for objecting to this Proposed Findings and Recommendation that the Motion was filed within the proper time period or circumstances exist which would permit equitable tolling of the limitation period.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Movant shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: May 7, 2012.

R. Clarke VanDervort
United States Magistrate Judge